RECEIVED
USDC CLERK, CHARLESTON, SC

2007 AUG 22  A 11: 00

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Antonio B. Gaines, | C. A. No. 2:07-0495-TLW-RSC |
| Plaintiff, | |
| -versus- | **REPORT AND RECOMMENDATION** |
| City of Greenville, S.C.; Officer G. K. Smith; Detective Tina Dodd; Sgt. S. B. Miller; Greenville County; and James Bannister, | |
| Defendants. | |

This civil rights action under 42 U.S.C. § 1983[1] (West 1994 & Supp. 1998) by a former pre-trial detainee now a state prisoner proceeding pro se and in forma pauperis is before the undersigned United States Magistrate Judge for a report and recommendation on the defendants' motions to dismiss. 28 U.S.C. § 636(b).

---

[1] Section 1983, titled a civil action for deprivation of rights reads in relevant portion:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.
42 U.S.C. § 1983.

1

On February 20, 2007, the plaintiff, Antonio B. Gaines, sued the City of Greenville, Officer G. K. Smith, Detective Tina Dodd, Sgt. S.B. Miller, Greenville County, and James Bannister, Esq., Plaintiff alleges that the defendants violated his fourth, fifth, sixth, eighth, and fourteenth amendment rights connection with his prosecution for violations of various drug laws. Gaines attached exhibits to his complaint including probable cause affidavits which defendant Smith submitted to a judicial officer and upon which the judicial officer issued the search warrant. The warrant was executed on July 6, 2005, by Smith and other city of Greenville police officers. Gaines also submitted the Property Reports of evidence seized during the search. Gaines contends the search warrant affidavits are totally false. He also disputes the Property Reports and claims that no drugs, or drug paraphernalia were seized during the search. Further "the police" stole some of the cash seized during the search, according to the plaintiff. The challenged evidence, consisting of drugs, cash, and drug paraphernalia, provided the support for the drug indictments which followed.

Plaintiff seeks equitable relief in the form of a court ordered investigation of the search and seizure and damages.

When Plaintiff filed his complaint, he was a pretrial detainee awaiting disposition of various drug charges. However, Plaintiff had a jury trial on March 5, 2007, on the drug charges

and was found guilty of Possession with Intent to Distribute Marijuana and Possession with Intent to Distribute Marijuana within a half mile of a school. He has been sentenced.

Defendant Bannister, the public defender who represented Gaines in his criminal prosecution, filed a motion to dismiss under Fed.R.Civ.P. 12(b)(6) on April 13, 2007. Greenville County also filed a motion to dismiss on April 24, 2007. The City of Greenville, Detective Dodd, Officer Smith, and Sgt. Miller filed a motion to dismiss on May 2, 2007. After each motion Gaines was provided a copies of the motions and was given an explanation of dismissal and summary judgment procedure as well as pertinent extracts from Rules 12 and 56 of the Federal Rules of Civil Procedure similar to that required by Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975). Gaines opposed the motions on May 17 and 18, 2007, and on July 12, 2007. Hence it appears consideration of the motions is appropriate.

## RULE 12(B)(6) STANDARD

The purpose of a Rule 12(b)(6) motion is to test the legal sufficiency of the complaint, Randall v. United States, 30 F.3d 518, 522 (4th Cir.1994), cert. denied, 115 S.Ct. 1956 (1995). Importantly, a Rule 12(b)(6) motion does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party v. Martin, 980 F.2d 943, 952 (4th Cir. 1992). Such motions "should be granted only

in very limited circumstances." Rogers v. Jefferson-Pilot Life Ins. Co., 883 F.2d 324, 325 (4th Cir. 1989). A court considering a Rule 12(b)(6) motion must accept as true all of the plaintiff's factual allegations and all favorable inferences that may reasonably be drawn from those allegations. See, Mylan Lab., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993), cert. denied, 114 S.Ct. 1307 (1994). Only then, it must appear certain that the plaintiff would not be entitled to relief under any legal theory which might plausibly be suggested by the facts alleged before a motion to dismiss can be granted. Republican Party v. Martin, 980 F.2d 943, 952 (4th Cir. 1992).

Furthermore, when as here, a Rule 12(b)(6) motion is testing the sufficiency of a civil rights complaint, "we must be especially solicitous of the wrongs alleged" and "must not dismiss the complaint unless it appears to a certainty that the plaintiff would not be entitled to relief under any legal theory which might plausibly be suggested by the facts alleged." Harrison v. United States Postal Serv., 840 F.2d 1149, 1152 (4th Cir. 1988) (internal quotation marks omitted); see also, Hishon v. King & Spalding, 467 U.S. 69, 73, 104 S.Ct. 2229, 81 (1984).

Although the court must assume that the plaintiff can prove all of the facts alleged in his complaint, "'it is not ... proper to assume that [the] plaintiff[ ] can prove facts that [he has] not alleged or that the defendants have violated the ... law[ ]

4

in ways that have not been alleged.'" Estate Constr. Co. v. Miller & Smith Holding Co., 14 F.3d 213, 221 (4th Cir. 1994) (quoting Associated Gen. Contractors v. California State Council of Carpenters, 459 U.S. 519, 526 (1983)).

However, for purposes of Rule 12(b)(6), the court is not required to accept as true the legal conclusions set forth in a plaintiff's complaint. See, District 28, United Mine Workers of Am., Inc. v. Wellmore Coal Corp., 609 F.2d 1083, 1085 (4th Cir. 1979).

**DISCUSSION**

A review of the record and relevant case law reveals that Plaintiff's claims have not yet accrued and are subject to dismissal without prejudice under Heck v. Humphrey, 512 U.S. 477, 114 S.Ct. 2364 (1994).

Following a trial, Plaintiff was convicted of violations of drug laws stemming from his arrest for possession of the drug contraband seized in the search of his home pursuant to a search warrant. Plaintiff cannot attack the legality of these convictions in a civil suit under § 1983 instead of an appeal from his convictions, a post conviction relief action, or a petition for a writ of habeas corpus under 28 U.S.C. § 2254.

The United States Supreme Court in Heck v. Humphery, 512 U.S. 477, 114 S.Ct. 2364 (1994) found:

> We hold that, in order to recover damages for allegedly unconstitutional conviction or

> imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.  A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.  Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

Heck v. Humphrey, supra, 512 U.S. at 486-487.

A review of the broad allegations set forth in the complaint, the exhibits submitted with the complaint by the plaintiff, and judicial notice of the public records of his convictions, demonstrate that Plaintiff actually seeks here to invalidate his convictions.  Plaintiff's convictions arose out of the evidence seized in the allegedly illegal search of his home and his subsequent allegedly illegal arrest.  Plaintiff asserts that all information given to the judicial officer who issued the search warrant is false and that all the evidence allegedly seized in the search of his home pursuant to the warrant actually never existed.

For this court to award a judgment to Plaintiff on those claims, the court would have to find that the search was illegal

and Plaintiff's subsequent prosecution for drug crimes was illegal. To say the least, such findings in this action would necessarily impugn the validity of Plaintiff's convictions and sentences. Until the petitioner's convictions are set aside, any non-habeas civil action based on the convictions and related matters will be barred by of the holding in Heck v. Humphrey, supra.

## **CONCLUSION**

Accordingly, because the questions posited by Plaintiff's § 1983 claims call into question the lawfulness of his convictions which convictions have not been overturned, his claims have not yet accrued. The action should be dismissed without prejudice.

Respectfully Submitted,

Robert S. Carr
United States Magistrate Judge

Charleston, South Carolina

August  22 , 2007

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court judge need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> P.O. Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985).